# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIAM S. MATTHEWS**                                                                   **PETITIONER**

**v.**                                            **NO. 4:18-CV-209-DMB-RP**

**STATE OF MISSISSIPPI, et al.**                                               **RESPONDENTS**

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Roy Percy, Doc. #13, which recommends that the State of Mississippi's motion to dismiss, Doc. #11, be granted.

## I
## Procedural History

On or about October 22, 2018, William S. Matthews, acting pro se, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. The petition states two specific grounds for relief: (1) a due process claim regarding "the steps leading to removal of parole rights" (Ground One); and (2) a claim that "a voluntary and knowing intelligent guilty plea is missing" (Ground Two). *Id*. at 5–6. Matthews also submitted a "Sworn Affidavit," which is in substance a supporting memorandum. Doc. #1 at Page ID #15–28. Matthews' affidavit is riddled with legalese but lacks any semblance of coherent argument. It makes conclusory assertions regarding his grounds for relief and refers sporadically to equal protection rights. *See id*. at Page ID #20.

The State moved to dismiss Matthews' petition for failure to state a claim upon which relief could be granted. Doc. #11. In addressing the stated claims for relief, the State argues that the petition does not state a cognizable claim for federal habeas relief and that even if it did, his claim

would be untimely. *Id*. at 5, 10. The State also argued that Matthews' vague references to "equal protection" did not set out a separate claim for relief and that even if it does, the conclusory allegations fail to state a claim for relief. *Id*. at 6 n.7. Matthews did not respond to the motion.

On October 18, 2019, United States Magistrate Judge Roy Percy issued a Report and Recommendation ("R&R") recommending that the State's motion to dismiss be granted and that Matthews' petition be dismissed for failure to state a claim upon which relief could be granted or, alternatively, as untimely filed and without substantive merit. Doc. #13. The R&R did not address Matthews' arguments regarding equal protection. Matthews filed objections to the R&R, Doc. #15, and the State filed a response, Doc. #16.

## II
## Standard of Review

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

The R&R initially noted that while Ground Two referenced the voluntariness of Matthews' plea, the voluntariness argument was based "on his contention that the court documents did not contain a 'sentencing enhancement' — an integral part of his argument that he is entitled to parole." Doc. #13 at 3 n.5. Accordingly, the R&R analyzed the claims together. The R&R first found that entitlement to parole in Mississippi does not implicate a federal right and, therefore, cannot form the basis for a habeas claim. *Id*. at 5–6. The R&R further found that even if the claim

implicated a federal right, the petition would be outside the applicable one-year statute of limitations because Matthews failed to file the petition within one year of being "aware … that MDOC had not assigned him a parole eligibility date." *Id*. at 6. Finally, the R&R concluded that even if the petition involved a federal right and was timely, it would still fail because Matthews' underlying crime of armed robbery was a crime of violence and, therefore, is not eligible for parole under Mississippi law. *Id*. at 7.

Like his affidavit, Matthews' objections include a wide array of legal authority but little to no coherent argument. *See generally* Doc. #15. Matthews asserts that the R&R is incorrect because it references Miss. Code Ann. § 47-7-3(1)(g)(i), which is applicable to individuals convicted on or after July 1, 2014, and that he was sentenced before that date. Doc. # 15 at PageID #251. While Matthews may be correct that this is not the applicable portion of the statute, a different provision of the same statute provides that "[n]o person shall be eligible for parole who shall … be convicted of robbery … through the display of a deadly weapon." Miss. Code Ann. § 47-7-3(1)(c)(ii). This provision applies to those convicted between October 1, 1994 and July 1, 2014, which includes Matthews. *Id.* Thus, the R&R's conclusion that Matthews is ineligible for parole is valid. To the extent Matthews raises other arguments responsive to the recommendations in the R&R, none undermine Judge Percy's well-reasoned analysis. Such objections are therefore overruled.

However, Matthews reasserts in his objections the equal protection argument vaguely referenced in his petition and mentioned in the State's motion to dismiss but which was not addressed in the R&R. Doc. #15 at Page ID #243. To the extent Matthews raised equal protection in his initial petition, the Court, out of an abundance of caution, will address the argument.

In his petition, Matthews appears to argue that certain unspecified individuals received

3

more favorable parole treatment in the "exact same situation." Doc. #1 at Page ID #16. Matthews' objections raise similar conclusory assertions. *See* Doc. #15 at PageID #243. However, "conclusory assertions that [an inmate] was treated differently than other similarly situated inmates are insufficient to state an equal protection claim." *Clark v. Owens*, 371 F. App'x 553, 554 (5th Cir. 2010) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). For this reason, to the extent Matthews' petition raises an equal protection claim, such claim also fails.[1]

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

In accordance with the rulings above:

1. Matthews' objections [15] to the Report and Recommendation are **OVERRULED**.

---

[1] Such claim would also appear to be untimely, for the reasons asserted in the R&R.

4

2. The Report and Recommendation [13] is **ADOPTED** as the order of the Court, as supplemented by the equal protection discussion above.

3. The State's motion to dismiss [11] is **GRANTED**.

4. Matthews' petition for a writ of habeas corpus [1] is **DISMISSED with prejudice** for failure to state a claim, for want of substantive merit, and as untimely filed.

5. A certificate of appealability is **DENIED**.

**SO ORDERED**, the 27th day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**